## Commonwealth ex rel. West, Appellant, *v.* Rundle.

Submitted November 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sank West,* appellant, in propria persona.

*Paul Michel* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 3, 1968:

Once again we are faced with a type of case that has unfortunately become all too typical. After a 1958 plea of guilty to murder, appellant Sank West was sentenced to 10 to 20 years imprisonment. The record of this proceeding failed to show any examination by the trial court made in an attempt to determine whether West's plea was intelligently and voluntarily made.

This silent record, combined with allegations by West which if proven were sufficient to demonstrate that his guilty plea was constitutionally infirm, prompted this Court to order a hearing. See *Common-*

*wealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966). West now appeals from the hearing judge's denial of relief, a denial which is hereby affirmed.

At the hearing below West testified that, although he had been twice interviewed by his two court appointed counsel, these discussions were confined to an exploration of the facts surrounding the offense and never touched upon the consequences of a guilty plea. According to West, when the court en banc asked him how he wished to plead, he answered guilty on the advice of counsel given at that instant. West's version was completely contradicted by both of appellant's trial counsel, who insisted that they explained, inter alia, the consequences of a plea of guilty, the possibility of a jury trial, the acts which constituted the crimes for which West had been indicted and the offenses included therein, and the permissible range of sentence for each offense. The hearing judge accepted counsel's version, and thus found that West's plea was intelligently and knowingly entered. Since the burden of demonstrating that his plea was constitutionally infirm rested upon West, see *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967), we affirm the decision below.

While recognizing that we have not yet so held, West urges us to re-examine our prior cases such as *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964) which hold that a record silent as to the voluntariness of the plea and showing no attempt by the court to probe the prisoner's awareness of the consequences of his plea is of itself not a sufficient basis for the grant of a new trial. Appellant advances for our consideration a prophylactic rule that failure of the trial judge to conduct an on the record colloquy with the prisoner sufficient to demonstrate that the prisoner has entered his plea with the con-

stitutionally required degree of voluntariness[1] in and of itself must result in a holding that the plea does not meet constitutional requirements. His brief insists: "The instant case presents an excellent example of the wisdom of adopting the suggested rule. The only present alternative to the trial court's undertaking to make the defendant aware of the consequences of his plea, and its making a record of such efforts, is the type of proceeding . . . [below], i.e., one involving directly contrary testimony by a prisoner convinced that he has served more time than would have resulted from a jury trial and by counsel, anxious to preserve their professional reputations, attempting to the best of their ability to recall what had occurred many, many years before."[2]

Although we have decided, and continue to adhere to this decision, that appellant's rule does not provide sufficient flexibility, there is much merit in his insistence upon an on the record examination by the trial judge.[3] A majority of criminal convictions are obtained after a plea of guilty.[4] If these convictions are

---

[1] See *Machibroda v. United States*, 368 U.S. 487, 82 S. Ct. 510 (1962).

[2] Indeed, one of the testifying attorneys stated to the hearing judge that he regarded himself as one of the parties to the litigation.

[3] At least two states, Colorado and Illinois, require the court to explain the consequences of the plea to defendant before accepting it. See Colo. Rev. Stat. Ann. §39-7-8; Ill. Rev. Stat., ch. 38, §113-4(c). Federal Rule of Criminal Procedure 11 also contemplates an on the record inquiry by the trial court. Cf. *Bartlett v. United States*, 354 F. 2d 745, 751 (8th Cir.), cert. denied, 384 U.S. 945, 86 S. Ct. 1471 (1966); *Kadwell v. United States*, 315 F. 2d 667, 669 (9th Cir. 1963).

[4] Apparently between 60 and 80 percent of convictions are entered after a plea of guilty. See Note, Guilty Plea Bargaining: Compromises by Prosecutors To Secure Guilty Pleas, 112 U. Pa. L. Rev. 865 (1964).

to be insulated from attack, the trial court[5] is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.[6] See *Commonwealth ex rel. West v. Myers,* supra at 5 n. 3, 222 A. 2d at 921 n. 3; *Commonwealth ex rel Barnosky v. Maroney,* supra at 165, 199 A. 2d at 426. Criminal Procedure Rule 319 requires that the trial court not accept a plea "unless it determines that it is competently and intelligently made;" this determination can best be made through the vehicle of an on the record inquiry.

Trial counsel in this case were able to recall with precision their discussions with appellant. However, in an increasing number of cases, either the trial attorney is deceased at the time of the hearing, see *Commonwealth v. Hill,* supra, or has no independent recollection of his contacts with the prisoner, see *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). The trial court, faced with a silent record, must either choose to disbelieve what appears to be credible and internally consistent testimony by the prisoner that he was never examined as to the consequences of his plea or grant the relief requested. The task of our trial courts would thus be immeasurably

---

[5] This examination need not be performed by the court alone. Either defense counsel or the district attorney may conduct the necessary questioning in the presence of the court and on the record. The essential element is therefore a recorded demonstration that the prisoner is fully aware of the ramifications of his action and is entering his plea voluntarily.

[6] One commentator has compiled a check list of those questions which a trial judge might ask. See id. at 893-95. Although not each of these inquiries would be necessary in every case, this list represents a valuable guide.

eased if a sufficient on the record examination is available to refute the prisoner's contentions. Although we hesitate to adopt a rule which would vitiate all pleas where the record is silent, we reiterate the importance of an on the record inquiry.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.