Commonwealth *v.* Cottrell, Appellant.

Submitted November 22, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Barnett S. Lotstein* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 15, 1969:

On April 12, 1965, the appellant, Thomas Cottrell, in the presence of court-appointed counsel, entered a general plea of guilty to an indictment charging him with the murder of his common-law wife. Following the taking of testimony, the trial court adjudged him guilty of murder in the second degree and imposed a sentence of 10 to 20 years imprisonment. No appeal was entered from the judgment.

On January 3, 1967, Cottrell instituted proceedings seeking post-conviction relief which was denied to him after hearing. This appeal followed.

During the plea proceedings, Cottrell personally testified that he was drinking on the day involved and that he had no recollection of the killing or of anything related to it. He reiterated this testimony at the post-conviction hearing. It is now argued that since at the time the plea was entered Cottrell could not remember if he had committed the crime, it necessarily follows that his plea of guilty was not intelligently entered. In our view, this is a non sequitur.

It is axiomatic that for a plea of guilt to be constitutionally valid, it must be the voluntary and intelligent act of the maker. *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964). In short, it cannot be the product of ignorance, i.e., the accused must know what he is doing and be fully aware of the consequences of his act. *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966). And where the accused at the time of arraignment does not know, or asserts that he does not know, whether he has committed the crime, a plea of guilty to that crime should be accepted with great caution.[1] How-

---

[1] The instant case graphically demonstrates why a trial court is wise to question the accused extensively in order to make certain that his plea of guilt is his own voluntary and intelligent act.

ever, such a situation, as the one just described, is not to be equated with a situation where the accused admits his guilt in one breath, but in the next proclaims his innocence. The latter clearly would not be a sufficient plea upon which to enter a judgment. But where there is significant evidence of guilt as there was in the present case,[2] and the accused, after adequate consultation with his counsel, decides to plead guilty, that plea is not rendered invalid merely because the accused is unable or unwilling to detail the occurrence in court. Cf. *Maxwell v. United States,* 368 F. 2d 735 (9th Cir. 1966); *McCoy v. United States,* 363 F. 2d 306 (D.C. Cir. 1966); *State v. Martines,* 89 Idaho 129, 403 P. 2d 597 (1965); *State ex rel. Oney v. Tahash,* 277 Minn. 394, 152 N.W. 2d 526 (1967); *State ex rel. Crossley v. Tahash,* 263 Minn. 299, 116 N.W. 2d 666 (1962); and *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969).

Order affirmed.

---

[2] A ten-year-old boy who witnessed the tragic event testified that Cottrell slapped his wife five or six times, and then stabbed her twice with a knife.