## Commonwealth *v.* Brandon, Appellant.

148

Submitted May 6, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harry L. Green, Jr.,* First Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *Paul W. Tressler,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1970:

The appellant, Willie C. Brandon, was arrested and indicted on a charge of homicide, which homicide had occurred April 30, 1960. On November 1, 1960, Brandon, while represented by his attorney, entered a plea of guilty to the charge of murder. Four judges, sitting as a court en banc, found appellant guilty of second-degree murder after hearing testimony to determine the degree of guilt. He was sentenced to a term of ten to twenty years.

On December 4, 1968, appellant filed a Post Conviction Hearing Act petition raising (1) the issue of the deprivation of his right of direct appeal, and (2) the general denial of constitutional rights. The hearing

court allowed his appeal nunc pro tunc, and the case comes before us on that appeal.

Appellant raises only one question on this appeal. He claims his plea of guilty, although entered on the advice of competent counsel, was not valid because it was not his knowing, intelligent and voluntary act. In this silent-record case, appellant emphasizes, as the motivation for his guilty plea, the existence of a confession, which confession the hearing court held to be inadmissible because counsel was denied admission while the statement was being taken.

However, before the police took his written statement, which was held inadmissible, appellant had made oral admissions substantially similar to his statement when he had voluntarily turned himself over to the police. In addition, at the degree-of-guilt hearing, a number of witnesses testified that appellant came into a bar, holding a gun, and asking for the decedent. Moreover, the United States Court of Appeals for the Third Circuit has recently held that when a defendant has been represented by competent counsel, the burden is on him to prove that his plea was not entered as an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *United States ex rel. Grays v. Rundle,* 428 F. 2d 1401 (3d Cir. 1970). As Judge FREEDMAN wrote in his concurring opinion in *Grays*: "Where the defendant pleads guilty with the advice of counsel, however, there is no reason to presume that he was ignorant of the nature of the charge or the consequences of the plea. Indeed, the more rational assumption is that all the necessary considerations which should have been recorded at the guilty plea proceedings were canvassed with him by his counsel before the decision to plead guilty was reached. In such a case, therefore, even though the record is silent, we should presume that the plea of guilty was volun-

tarily entered as an intelligent and knowing act rather than presume the contrary."

The existence of the inadmissible statement alone, without more, cannot vitiate the guilty plea. Appellant, who does not deny he was represented by competent counsel at the time of his plea, has not met his burden of proving that he should be permitted to withdraw the plea.

Judgment affirmed.

———

Concurring Opinion by Mr. Justice Roberts:

I concur in the majority's result. Appellant has failed to demonstrate that the allegedly coerced confession was the primary basis for his guilty plea. His oral admissions, and the Commonwealth's witnesses who saw him at the bar, provide a reservoir of evidence which could have motivated the plea independently of the challenged confession. Cf. *Commonwealth v. Baity,* 428 Pa. 306, 237 A. 2d 172 (1968); *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967).