## Commonwealth *v.* Riley, Appellant.

Submitted May 6, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Michael F. Walsh,* for appellant.

*Peter S. Greenberg* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 12, 1971:

On March 19, 1962, appellant, represented by Court-appointed counsel, entered pleas of guilty to murder generally on two bills of indictment. A Court en banc heard three days of testimony and, after arguments, adjudged appellant guilty of first-degree murder on each bill and sentenced him to life imprisonment on each bill. No appeal was taken from either judgment of sentence.

Appellant filed a habeas corpus petition on January 14, 1964, which, after hearing, was dismissed. At this

hearing, appellant was not represented by counsel. On appeal to our Court, we affirmed: *Commonwealth ex rel. Riley v. Rundle,* 418 Pa. 168, 210 A. 2d 270.

A habeas corpus petition was filed in the U. S. District Court on November 3, 1967. In that proceeding, appellant raised five contentions, which he repeats in his present appeal. After a hearing, that petition was denied. Appellant was represented by counsel at the Federal habeas corpus hearing.

On December 31, 1968, appellant filed a Post Conviction Hearing Act petition,* which, after hearing, was denied. This denial was based upon the above-mentioned (State) habeas corpus petition. On appeal to our Court, we remanded the case to the lower Court. On May 4, 1970, a hearing on the PCHA petition was held and the petition was denied. Appellant was represented by counsel at said hearing. From the denial of the PCHA petition, appellant took this appeal.

Appellant's principal contention in this appeal, in which he was represented by counsel, is a repetition of one of his former contentions, namely, that his guilty plea was not voluntarily, knowingly and intelligently entered.

Appellant points out that at the time his guilty plea was entered, no on-the-record colloquy took place. Even though he was represented by counsel at the time he entered his guilty plea, the fact that no on-the-record colloquy took place would be in violation of the present requirements for the acceptance of a guilty plea. See Rule 319 of the Pennsylvania Rules of Criminal Procedure and *Boykin v. Alabama,* 395 U.S. 238. However, the guilty plea in this case was entered *pre-Boykin,* and we have held *Boykin* not to be retroactive. *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A. 2d 923. Therefore, at the time appellant's counseled guilty plea

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

was entered, there was no requirement of an on-the-record examination to establish that the plea was voluntarily, knowingly and intelligently made.

Moreover, appellant's guilty plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196, and therefore appellant has the burden of proving that his guilty plea was not voluntarily, knowingly and intelligently entered. As this Court recently stated in *Commonwealth v. Martin*, 442 Pa. 41, 272 A. 2d 169 (page 44) : "In Commonwealth v. McBride, 440 Pa. 81, 269 A. 2d 737, and in Commonwealth v. Knowles, 440 Pa. 84, 269 A. 2d 739, we held that a defendant whose guilty plea was made before our decision in Commonwealth ex rel. West v. Rundle, supra, has the burden of proving this contention."

The test for voluntariness of a guilty plea was recently set forth in our decision in *Commonwealth v. Enty*, 442 Pa. 39, 271 A. 2d 926, in which we said (page 40) : "The test for the voluntariness of a plea of guilty has been iterated numerous times, although at times in slightly different language, and may be thus stated: To be Constitutionally valid, a plea of guilty must have been voluntarily, knowingly and intelligently made, i.e., with an understanding of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea. Commonwealth v. Roundtree, 440 Pa. 199, 269 A. 2d 709; Commonwealth v. Cottrell, 433 Pa. 177, 249 A. 2d 294; Commonwealth ex rel. Barnosky v. Maroney, 414 Pa. 161, 199 A. 2d 424; Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A. 2d 196; Boykin v. Alabama, 395 U.S. 238, 242."

Having carefully reviewed the record, it is clear that the appellant has failed to sustain his burden of proof that his guilty plea was not knowingly, voluntarily and intelligently made.

We have also carefully considered the other contentions raised by appellant, and find no merit in any of them.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.