342 A.2d 77

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Morris HARGROVE, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 4, 1974.

Decided July 7, 1975.

564

————◆————

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., R. L. Campbell, Pittsburgh, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

### OPINION OF THE COURT

EAGEN, Justice.

On February 4, 1963, the appellant, Morris Hargrove, while assisted by counsel, entered a plea of guilty to murder in Allegheny County. An evidentiary hearing followed after which Hargrove was adjudged guilty of murder in the first degree and sentenced to life imprisonment. A direct appeal from the judgment of sentence is now before us.[1]

Herein, the validity of Hargrove's 1963 guilty plea is attacked on two grounds:

First, it is urged the plea should be set aside as not knowingly and intelligently entered because the record of

1. Following the adjudication of guilt and sentence no post trial motions were filed, and no appeal was entered. However, on August 31, 1972, after a hearing on a petition filed by Hargrove seeking post conviction relief, the trial court granted him the right to file post trial motions "*nunc pro tunc*". These motions were filed and later dismissed. This appeal followed.

In 1965, Hargrove was denied *habeas corpus* relief in the trial court and this Court affirmed. See 420 Pa. 120, 215 A.2d 635 (1966). In 1966, Hargrove unsuccessfully sought *habeas corpus* relief in the United States District Court for Western Pennsylvania, and the United States Court of Appeals for the Third Circuit affirmed the denial.

the plea proceedings establishes that, before the plea was accepted, the trial court failed to conduct an adequate inquiry or colloquy to determine if Hargrove were aware of the impact and consequences of a guilty plea. This position will not be sustained.

■■ Since the instant plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), the burden of proving that the guilty plea was not knowing and intelligent was upon Hargrove. *Commonwealth v. Riley,* 444 Pa. 498, 282 A. 2d 231 (1971). An opportunity to establish this was given Hargrove at a counseled hearing on his petition for post conviction relief. The credibility of the witnesses at this hearing was for the hearing judge and he saw fit, as was his right, to believe the testimony of Hargrove's trial counsel, which clearly demonstrated that before entering his plea, Hargrove was completely aware of what he was doing and entered the plea fully cognizant of its impact and possible consequences.

■ The second reason advanced to set aside the guilty plea is that "after entering his plea [Hargrove] testified to facts which if believed, would establish a legitimate claim to the affirmative defense of self-defense". Cf. *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970). The present case, however, does not fall within the rationale of *Roundtree* and its progeny. *Roundtree* is only applicable where the accused at the time the plea is entered indicates he has a valid defense to the charge. In the instant case, Hargrove, at the time of pleading guilty, did not assert any facts indicating he killed in self-defense. Instead, this claim arose in his testimony at the subsequent degree of guilt hearing. We dismissed a similar claim in *Commonwealth v.*

*Smith,* 454 Pa. 256, 260, 312 A.2d 396, 398 (1973) by stating:

> "Appellant also argues that his guilty plea was not voluntarily entered when his testimony raised an issue of self-defense. This argument is meritless. Assuming that appellant did raise a plausible self-defense claim, the testimony giving rise to that claim was not made contemporaneously with the entry of the guilty plea. *Commonwealth v. Thomas,* 450 Pa. 548, 301 A. 2d 359 (1973); *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972). We repeat what we said in Thomas: 'The only statements which can be considered by the trial judge in determining whether to accept a guilty plea are those made at the time the plea is entered.' 450 Pa. at 553, 301 A.2d at 363. The statements which appellant urges establish self-defense were made at the degree-of-guilt hearing subsequent to the entry of his plea."

Hence, the trial court did not err in accepting appellant's guilty plea.[2]

 Hargrove's final claim is that the evidence was insufficient to sustain a finding of murder in the first degree. At the evidentiary hearing following the guilty plea, the testimony was undisputed that Hargrove took a loaded revolver with him to the place where he was to meet the victim; and during the meeting pulled the gun from his trousers and fired seven shots into the victim's body. From these facts all of the elements of murder in the first degree are clearly inferable.

Judgment affirmed.

JONES, C. J., did not participate in the consideration or decision of this case.

2. The fact that appellant testified only a few hours after he entered his plea is without significance. In *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972), we rejected a similar alleged protestation of innocence one day after the entry of the guilty plea because it, too, was not simultaneous to his guilty plea.

NIX, J., filed a dissenting opinion.

NIX, Justice (dissenting).

The majority has determined that our decision in *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970) has no applicability under the present facts. I cannot agree with this conclusion and therefore dissent.

In *Commonwealth v. Roundtree, supra,* we indicated that where statements of a defendant evidenced that he was admitting guilt on one hand and denying it on the other, the court should be alerted and not accept the plea until and unless the conflict was resolved. The premise of that decision was that a defendant who "pled 'guilty' from one side of his mouth and 'not guilty' from the other" evidenced the possible lack of appreciation of the significance of his entry of a plea of guilt. See, *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969).

> "We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact." *Commonwealth v. Roundtree, supra,* 440 Pa. at 202, 269 A.2d at 711.

The majority today attempts to distinguish the mandate of *Roundtree* based on an insignificant difference in the sequence of events between the instant factual situation and those present in the *Roundtree* appeal. In *Roundtree*, although not clear from the opinion and therefore apparently not particularly controlling in that decision, the exculpatory statement was introduced apparently prior to the entry of the formal plea. Here,

without the benefit of prior colloquy to determine the knowledge of the defendant concerning the significance of his plea, the formal plea was entered. Immediately thereafter, testimony was taken to establish the degree of guilt. During this phase of the hearing when appellant was given his first opportunity to set forth his version of the incident to which he was admitting guilt, he testified to facts which, if believed, would have established a legitimate claim of self-defense.

It is utterly inconceivable for me to understand a rule that requires a court to make further inquiry where the exculpatory statement precedes the admission of guilt but ignores a conflict between the formal plea and the accused's version of the incident where the plea is entered prior to the exculpatory statement. This is particularly true when the admission of guilt is unaccompanied by an on-the-record colloquy which would allow the court to determine that the accused understood the significance of the formal plea being entered.

The decision today is also, in my judgment, a retreat from the procedure that we cited with approval in *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973). There, prior to the entry, there was a colloquy to determine whether the accused was, in fact, aware of the significance of his acts in entering a plea of guilt. Nevertheless, although this colloquy was thorough and extensive, when it was called to the hearing court's attention that the accused at the time of his arrest made his statement to the police which suggested the shooting might have been accidental or in self-defense, the hearing court questioned Mr. Jackson further as to the apparent inconsistency between his former assertions and the entry of a plea of guilt.[1]

1. "Following this inquiry the evidence stipulated by defense counsel in appellant's presence, was presented. This evidence included a statement appellant made to the police in which he implied that the shooting was accidental or in self-defense. Because of the possible inconsistency between appellant's state-

I find it completely irreconcilable with the practice commended in *Jackson* to accept, in this instance, the plea where there is nothing on the record to establish that the defendant understood the nature of the charges to which the plea was being entered at the time of its entry, and where, at his first opportunity to recite his version of the occurrence, he testified to committing acts incompatible with that plea. In this situation the possibility of an unknowing plea was so glaring that I can find no reason to excuse the trial court's failure to at least inquire further in an attempt to ascertain the reason for the apparent inconsistency.

This situation is clearly distinguishable from a situation where a time interval occurred between the time the plea was entered and the subsequent exculpatory statement. Even though the hiatus is only one day, see *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972), there is some justification for concluding that the change

ment to the police and his guilty plea, the trial court, before acting on the tendered plea, questioned appellant again concerning his understanding of the effect of pleading guilty. The court explained: 'By The Court: (Addressing the defendant) Q. *Mr. Jackson, your statement could be taken to mean, the statement that was just read by the District Attorney, that either you shot in self-defense or that the gun went off unintentionally. However, I told you before I took your plea that your plea of guilty was an admission you were not acting in self-defense, but that you shot deliberately. It was not accidental or an unintentional discharge of the gun. Do you understand that?* A. *Yes, sir.* . . .

. . . . . . . .

*But, nevertheless, your plea of guilty means you did shoot Mr. Davis intentionally and you are aware as any reasonable person would be, what the effect of shooting someone with a bullet is, seriously injuring someone. That's what your plea of guilty means. If you persist in your plea of guilty, that's the basis. If it is your position that this was accidental, then that is not consistent with your plea of guilty and you should not plead guilty. You won't be allowed later on, if you maintain your plea of guilty, after I sentence you, to say you didn't mean that, that it was accidental. Do you understand what I have told you?* A. *Yes, sir.*' *Id.* at 421–22, 299 A.2d at 211.

was as a result of a deliberate change of heart and not as a result of confusion or misapprehension of the significance of the plea. But here it occurred within the same proceeding and the possibility of a lack of understanding is too pronounced to be ignored.