342 A.2d 81

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald HUBBARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 4, 1974.

Decided July 7, 1975.

572

John J. Dean, John R. Cook, Office of Public Defender, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., John M. Tighe, First Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On April 3, 1963, the appellant, Donald Hubbard, shot and killed his estranged wife. Immediately after the shooting, the appellant proceeded to a nearby police station and informed the police that he had shot his wife. The following morning the appellant gave the police a signed confession.

Following a coroner's inquest, the appellant was held over for action by the grand jury on a charge of murder. The grand jury returned indictments for voluntary manslaughter, murder, and involuntary manslaughter on May 16, 1963. A nonjury trial before two judges was held on October 21, 1963, at which the appellant, with privately retained counsel present, pled guilty. Following a degree of guilt hearing, the appellant was found guilty of murder in the first degree and sentenced to life imprisonment. The involuntary manslaughter indictment was *nolle prossed*. The appellant did not file a direct appeal. On April 20, 1971, following a post conviction hearing pursuant to the Post Conviction Hearing Act, appellant was permitted to file post-verdict motions as if timely filed, and to take a direct appeal.

The sole issue raised here concerns the validity of the appellant's 1963 guilty plea. Appellant claims that his plea was invalid in that it was not knowingly, intelligently, and voluntarily entered. Appellant advances two specific reasons in support of this claim. First, he claims that the on-the-record colloquy prior to the court's acceptance of the plea fails to establish that appellant understood the nature of the charges, the significance of the plea, the consequences of the plea, and the availability of other alternatives. Secondly, appellant claims that the court erred in accepting his plea because it was coupled with his assertion of innocence. For reasons hereinafter stated, we affirm the judgment of sentence.

The law applicable to the present case is clear. A guilty plea must be knowingly, intelligently and voluntarily made. *Commonwealth v. Enty,* 442 Pa. 39, 271 A. 2d 926 (1971). In *Commonwealth v. Brown,* 443 Pa. 21, 25, 275 A.2d 332, 334 (1971), this Court stated:

> "In *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 . . . we held that henceforth in Pennsylvania it should be the practice that an on-the-record examination of the defendant be conducted by the lower Court to determine if the plea was voluntarily, knowingly and intelligently entered. *Boykin v. Alabama,* [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] made what had already been the law in Pennsylvania after West and Pa.R.Crim.P. 319(a) into a Federal Constitutional dimension—to-wit, there must be an on-the-record examination by the lower Court to determine if the guilty plea was properly entered. Since *Boykin* was not made retroactive, *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A.2d 923, and the guilty plea was entered prior to the decision in *West,* appellant has the burden of proving that his guilty plea was *not* voluntarily, knowingly and intelligently made." (Citations omitted.) (Emphasis in original.)

Since appellant here, like the appellant in *Brown,* plead guilty prior to our decision in *West,* and since he was represented by counsel at the guilty plea hearing, an on-the-record guilty plea colloquy was not required, and the burden is now on appellant to show that his plea was not knowingly, intelligently and voluntarily entered.

The appellant does not claim that an on-the-record colloquy was required, but asserts that from the brevity of the colloquy, with its lack of questioning as to the nature of charges, the consequences of the plea, the significance of the plea, and the availability of other alternatives, it can be inferred that appellant's plea was not knowingly, intelligently and voluntarily entered. This inference does not follow. At the time of his guilty plea, the appellant was represented by privately retained counsel, whose competency is not challenged here. In *Commonwealth v. Brandon,* 440 Pa. 147, 149, 269 A.2d 653, 654 (1970), this Court stated that,

> "[w]here the defendant pleads guilty with the advice of counsel . . . there is no reason to presume that he was ignorant of the nature of the charge or the consequences of the plea. Indeed, the more rational assumption is that all the necessary considerations which should have been recorded at the guilty plea proceedings were canvassed with him by his counsel before the decision to plead guilty was reached."

We have examined the record of the guilty plea and the degree of guilt hearing which followed. That record fails to sustain appellant's burden of showing that he did not understand the nature of the charges against him or the consequences of his plea of guilty. Appellant has therefore failed to sustain his "burden of proving that his guilty plea was not voluntarily, knowingly and intelligently made." *Commonwealth v. Brown,* 443 Pa. at 25, 275 A.2d at 334.

The appellant also claims that the court erred in accepting his plea because it was accompanied by an assertion of innocence. The appellant correctly cites *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970) for the proposition that a guilty plea accompanied with an assertion of facts which, if true, would establish innocence, is an invalid guilty plea, and should not be accepted by the Court. The following language from *Roundtree* is relevant:

> "We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact".

*Id.* at 202, 269 A.2d at 711.

In *Commonwealth v. Slavik,* 449 Pa. 424, 297 A.2d 920 (1972), however, this Court said that the exculpatory facts must be asserted *at the time* the appellant enters his plea of guilty. In *Slavik,* we said,

> "[w]hile it is true that under *Roundtree* if a defendant pleads guilty and *simultaneously* asserts facts establishing a defense to the charge his plea should be rejected, nevertheless Slavik cannot avail himself of *Roundtree* . . . . . *Roundtree* does not apply because Slavik did not present any exculpatory facts at the time he entered his plea." (footnote omitted). (Emphasis in original.) *Id.* at 428, 297 A.2d at 922, 923.

The principle in *Roundtree* and *Slavik* was further discussed in *Commonwealth v. Smith,* 454 Pa. 256, 260, 312 A.2d 396, 398 (1973), where we refused to invalidate the appellant's guilty plea saying,

> "Assuming that appellant did raise a plausible self-defense claim, the testimony giving rise to that claim

was not made contemporaneously with the entry of the guilty plea. (Citations omitted) . . . The statements which appellant urges establish self-defense were made at the degree-of-guilt hearing subsequent to the entry of his plea."

In the present case, the appellant did not offer any exculpatory facts at the time he entered his guilty plea. It was not until the subsequent degree of guilt hearing that appellant testified in an attempt to prove an accidental shooting, stating that prior to the shooting he was emotionally upset by the deterioration of his marital relationship, and that on the day of the shooting, he had been drinking. He further testified that the reason he visited his wife on the night of the shooting was to take a box of clothing to the children, and to persuade his wife to reunite the family. The box of clothing concealed the .32 caliber Colt pistol used to kill the wife. The appellant asserted that he only took the gun along to scare his wife and he did not know that it was loaded. He further testified that he took the gun out of the box and pulled back the trigger "to let her know it was real." The victim was found dead with bullet wounds in the chest, abdomen, left thigh, left forearm, and three wounds in the right forearm.

Appellant claims that this evidence, if true, would establish that the killing was unplanned and accidental, and contravene his guilty plea. Whether the appellant's testimony would have established an accidental killing if believed, is an issue we need not reach. The testimony, which appellant alleges was exculpatory did not accompany his guilty plea. Consequently, *Roundtree* and its progeny are not applicable. *Commonwealth v. Hargrove,* 462 Pa. 563, 342 A.2d 77 (1975) (J–313 of 1974, filed July 7, 1975). The trial court, therefore, did not err in accepting appellant's unequivocal plea of guilty.

Judgment of sentence is affirmed.

578

JONES, C. J., did not participate in the consideration or decision of this case.

NIX, J., filed a dissenting opinion.

NIX, Justice (dissenting).

I dissent for the reasons stated in my Dissenting Opinion in *Commonwealth v. Hargrove*, 462 Pa. 563, 342 A.2d 77 (filed July 7, 1975).