Agosti, J.,
with whom Rose, C. J., and Leavitt, J., agree,
dissenting:
I dissent.
I believe that accepting a guilty plea from a defendant charged with a felony is one of the most solemn and important duties of a trial judge. For it is at this moment that a defendant relinquishes important constitutional rights, relieves the state of the expensive and time consuming burden of trial, submits himself to the jurisdictional and moral authority of the court and renders himself answerable, through sentencing, for a serious crime. The majority would abandon the requirement that the district judge engage in any substantive and meaningful canvass of the defendant before accepting a guilty plea.
A defendant’s guilty plea must be voluntary, knowing and intelligent to satisfy constitutional due process.[1] The canvass conducted in this case was wholly deficient to make the constitutionally required determination that the defendant’s guilty plea was truly voluntary, knowing and intelligent.
The colloquy in this case consisted of questions posed to a defendant concerning what his attorney and he had discussed and the circumstances under which he signed a form. This colloquy was simply inadequate to properly determine if the defendant was competent to plead guilty and if his plea was voluntary, knowing and intelligent. This defendant was never told by the court and asked if he understood, for example, that he does not have to plead guilty; that he has a right to a speedy trial before a jury of twelve; that he is presumed innocent of the offense; that the State has the burden to prove every element of the offense beyond a reasonable doubt; and that the defendant has the right not to testify at trial and have no inference drawn from the fact that he has not testified. Here the district judge informed the defendant of none *1109 of these constitutional rights. The judge merely asked the defendant, pertinent to his trial rights, if he discussed his case with his lawyer; if his lawyer explained the nature of the offense; if his lawyer told him the elements of the offense; if the defendant read the guilty plea agreement; if he understood it; if the agreement was true; if he signed it; if, when he read and signed it, his attorney was available to answer questions concerning it; if, when he signed it, he was under the influence of anything. The defendant was never asked if he understood his trial rights or if his attorney had explained them to him or whether he had questions concerning his trial rights. The defendant was never asked if he was under the influence of any drugs or alcohol as he stood there in open court entering his guilty plea.[2] The defendant was never asked if he could read and write well enough to understand the plea agreement. The defendant was never asked if he had adequate time to consult with his attorney or if he was satisfied with his attorney.
I do not believe that the legislature can strip away a district judge’s solemn duty to personally canvass a defendant prior to accepting a guilty plea. As the United States Supreme Court stated, “[wjhat is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.” Boykin v. Alabama, 395 U.S. 238, 243-44 (1969).
Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, federal judges are required to personally address the defendant before accepting his or her guilty plea. FRCP 11 mandates that federal judges make certain that defendants entering guilty pleas understand that they are waiving specific constitutional rights, including the right to plead not guilty, the right to a jury trial, the right to confront and cross-examine government witnesses, and the right not to be compelled to incriminate oneself. FRCP 11 also requires federal judges to inform defendants entering guilty pleas about the nature of the charge and the mandatory minimum possible penalty and the maximum possible penalty for the offense, including the effect of any special parole term.
“[Ajlthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant’s guilty plea is truly voluntary.” McCarthy v. United States, 394 U.S. 459, 465 (1969) (footnote omitted). I believe that in order to make the constitutionally required determination that a defendant’s guilty plea is voluntary, knowing and *1110 intelligent, this court should require the district judges of Nevada to personally canvass defendants concerning their competence to enter a plea, concerning the constitutional rights they have and are waiving, concerning the elements of the offense to which they are pleading guilty and concerning the possible penalties at sentencing. I believe that reliance on a written guilty plea memorandum is inadequate for this purpose.
I appreciate that the majority’s view may be popular with many of the district judges of Nevada who are charged with the responsibility of moving along hefty criminal caseloads. I also appreciate that it takes more time to conduct a proper and thorough canvass. But the fundamental and critically important judicial duty to ascertain that a defendant’s plea is voluntary, knowing and intelligent can not be performed by resorting to the kind of canvass approved by the majority. With this kind of canvass, the judge’s solemn responsibility is discharged by performance of an interview with the defendant concerning his interactions with his attorney. I consider this an abdication of judicial responsibility.
If the goal here is to help the trial courts conserve judicial resources by diminishing the time a district judge spends with a defendant accused of a felony, then the legislature and the majority are being penny-wise and pound-foolish. One purpose of a personal plea canvass is to forestall ‘ ‘the spin-off of collateral proceedings that seek to probe murky memories.” Boykin, 395 U.S. at 244. To achieve this purpose,
“the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.’ ’
Id. at 244 n.7 (quoting Commonwealth ex rel. West v. Rundle, 237 A.2d 196, 197-98 (Pa. 1968)).
Requiring district judges to conduct a personal plea canvass following the federal standard of FRCP 11 would tend “to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.” McCarthy, 394 U.S. at 465.
I foresee that regular reliance on a written plea agreement in lieu of a personal canvass by a judge will eventually result in many more post-conviction attacks by defendants who will claim that they signed the agreement without fully reading, understanding and appreciating its meaning. And sadly, many of these claims will have merit. The courts exist to do justice, not simply to move large numbers of bodies through the system. It is therefore unac *1111 ceptable to sanction a procedure which does not attempt in any meaningful way to truly determine that a defendant knows what he or she is doing when entering a guilty plea.

 The United States Supreme Court has used slightly different language when describing the voluntary, knowing and intelligent requirement. See Parke v. Raley, 506 U.S. 20, 28-29 (1992) (describing the standard as both “knowing and voluntary” and “voluntary and intelligent”); Boykin v. Alabama, 395 U.S. 238, 242 (1969) (“intelligent and voluntary”); McCarthy v. United States, 394 U.S. 459, 466 (1969) (“voluntary and knowing”).

 Certainly the majority does not intend to relieve the district judges of their responsibility to determine that a defendant, as he or she stands before the court, is competent to enter a guilty plea.