J-S25012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LABRENTE ROBINSON, | |
| Appellant | No. 1523 EDA 2016 |

Appeal from the PCRA Order April 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-1301194-2006
CP-51-CR-1301196-2006
CP-51-CR-1301199-2006

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 06, 2017**

Appellant, Labrente Robinson, appeals from the post-conviction court's April 25, 2016 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history underlying this appeal as follows:

> [Appellant] came before the court on seventeen (17) felony and four (4) misdemeanor charges related to a particularly violent home invasion and burglary resulting in the aggravated assault of one victim and the brutal rape of two additional victims.  On June 11, 2007, [Appellant] entered an open guilty plea before this court.  Following an assessment pursuant to 42 [Pa.C.S.] § 9799.24 (also referred to as a "Megan's Law Assessment"), [Appellant] was found to be a sexually violent predator.  On January 14, 2008, this court sentenced [Appellant] to an aggregate of ninety to one-hundred and eighty (90 to 180) years.  On May 7, 2008, the court held a hearing on

[Appellant's] Motion for Reconsideration and imposed a new sentence of three and one-half to seven (3½ to 7) years on the robbery charge resulting in an aggregated sentence of eighty-eight [and one-half] to one-hundred and seventy-seven years (88½ to 177) years. [Appellant] then appealed to the Superior Court raising a claim of an illegal sentence. On March 25, 2010, the Superior Court affirmed [Appellant's] judgment of sentence. **Commonwealth v. Robinson**, No. 1675 EDA 2008 (Pa. Super. Mar. 25, 2010). [Appellant] then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on August 26, 2010. **Commonwealth v. Robinson**, No. 195 EAL 2010 (Pa. Aug. 26, 2010).

[Appellant] timely filed the instant PCRA petition on July 18, 2011. This court appointed counsel on three separate occasions as the first two attorneys were removed for failure to communicate and a conflict of interest respectively. Ultimately, present counsel was appointed as PCRA counsel. An amended PCRA petition was filed on October 27, 2015, raising claims of an unlawfully induced guilty plea and ineffective assistance of trial counsel. In response, the Commonwealth filed a Motion to Dismiss on February 2, 2016. Following an independent review, this court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 on March 31, 2016. The PCRA petition was formally dismissed on April 25, 2016[,] as [Appellant's] claims were without merit and [Appellant] was not entitled to relief.

[Appellant] filed the instant appeal on May 19, 2016. This court issued an order directing [Appellant] to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b) on May 25, 2016. On June 15, 2016, PCRA counsel timely filed a statement of matters complained of on appeal on behalf of [Appellant]….

PCRA Court Opinion (PCO), 8/2/2016, at 1-3 (footnotes omitted).

On appeal, Appellant raises two issues for our review:

I.  Whether the court erred in denying … Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 9.

We have examined the detailed and well-reasoned opinion written by the Honorable Leon W. Tucker of the Court of Common Pleas of Philadelphia County. We conclude that Judge Tucker's opinion properly disposes of the issues posed by Appellant. Therefore, we adopt Judge Tucker's opinion as our own and affirm the April 25, 2016 order denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017

COMMONWEALTH OF PENNSYLVANIA

COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT

v.

**FILED**

AUG 02 2016

LABRENTE ROBINSON,
Appellant

Appeals/Post Trial
Office of Judicial Records

CP-51-CR-1301194-2006
CP-51-CR-1301196-2006
CP-51-CR-1301199-2006

OPINION

1523 EDA 2016

LEON W. TUCKER, J.

DATE: August 2, 2016

This matter comes before the Superior Court on appeal from the denial of Labrente Robinson's (hereinafter referred to as "Petitioner") Post Conviction Relief Act[1] ("PCRA") Petition in which Petitioner sought post-conviction relief based upon an alleged unlawfully induced guilty plea and ineffective assistance of counsel related to the guilty plea.

I.    **Procedural History and Facts**

Petitioner came before the court on seventeen (17) felony and four (4) misdemeanor charges[2] related to a particularly violent home invasion and burglary resulting in the aggravated assault of one victim and the brutal rape of two additional victims. On June 11, 2007, the Petitioner entered an open guilty plea before this court. Following an assessment pursuant to 42. Pa. Cons. Stat. Ann. § 9799.24 (also referred to as a "Megan's Law Assessment"), the Petitioner was found to be a sexually violent predator. On January 14, 2008, this court sentenced Petitioner to an

---

[1] 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (West 2016).

[2] Aggravated Assault (18 § 2702); Robbery (18 § 3701); Criminal Conspiracy – Aggravated Assault (18 § 903); Rape (18 § 3121); Involuntary Deviate Sexual Intercourse (18 § 3123); Burglary (18 § 3502); Aggravated Indecent Assault (18 § 3125); Possession of Firearm Prohibited (18 § 6105); Terroristic Threats (18 § 2706).

1

aggregate of ninety to one-hundred and eighty (90 to 180) years.[3] On May 7, 2008, the court held a hearing on Petitioner's Motion for Reconsideration and imposed a new sentence of three and one-half to seven (3 ½ to 7) years on the robbery charge resulting in an aggregated sentence of eighty-eight to one-hundred and seventy-seven (88 ½ to 177) years. The Petitioner then appealed to the Superior Court raising a claim of an illegal sentence. On March 25, 2010, the Superior Court affirmed Petitioner's judgment of sentence. *Commonwealth v. Robinson*, No. 1675 EDA 2008 (Pa. Super. Mar. 25, 2010). Petitioner then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on August 26, 2010. *Commonwealth v. Robinson*, No. 195 EAL 2010 (Pa. Aug. 26, 2010).

The Petitioner timely filed the instant PCRA petition on July 18, 2011. This court appointed counsel on three separate occasions as the first two attorneys were removed for failure to communicate and a conflict of interest respectively. Ultimately, present counsel was appointed as PCRA counsel. An amended PCRA petition was filed on October 27, 2015, raising claims of an unlawfully induced guilty plea and ineffective assistance of trial counsel. In response, the Commonwealth filed a Motion to Dismiss on February 2, 2016. Following an independent review, this court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 on March 31, 2016. The PCRA petition was formally dismissed on April 25, 2016 as Petitioner's claims were without merit and Petitioner was not entitled to relief.

---

[3] The court imposed the following sentences all to run consecutively: Aggravated Assault – ten to twenty (10 to 20) years; Robbery – ten to twenty (10 to 20) years; Criminal Conspiracy – ten to twenty (10 to 20) years; Rape – ten to twenty (10 to 20) years; Involuntary Deviate Sexual Intercourse – ten to twenty (10 to 20) years; Burglary – five to ten (5 to 10) years; Aggravated Indecent Assault – five to ten (5 to 10) years; Possession Firearm Prohibited – five to ten (5 to 10) years; and Terroristic Threats – two and one-half to five (2 ½ to 5 years).

Petitioner filed the instant appeal on May 19, 2016. This court issued an order directing Petitioner to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b) on May 25, 2016. On June 15, 2016, PCRA counsel timely filed a statement of matters complained of on appeal on behalf of the Petitioner (hereinafter referred to as "1925(b) Statement"). The court will now reproduce verbatim the matters complained of:

(1) The court was in error in denying the defendant's PCRA without an evidentiary hearing.

(2) The court was in error in denying the amended PCRA filed by PCRA counsel on October 27, 2015 and developed in the amended PCRA. These issues in the amended PCRA were the following:

    a.  The guilty plea was unlawfully induced.

    b.  Trial counsel was ineffective for causing the defendant to enter an unknowing or involuntary guilty plea.

(1925(b) Statement). The court will now address each alleged error in turn.

## II.    Legal Analysis

Under 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (2016), commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief. 42 Pa. Cons. Stat. Ann. § 9543(a)(2). He must also prove the claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(4).

3

### Failure to Hold an Evidentiary Hearing before Dismissal of PCRA Petition

Petitioner claims this court erred in its denial of an evidentiary hearing prior to the dismissal of his PCRA petition. However, the right to an evidentiary hearing is not absolute and the court determined an evidentiary hearing was not warranted as there were no genuine issues of material fact in dispute.

A PCRA court is not required to hold an evidentiary hearing before dismissing a petition when "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa. R. Crim. P. 907(1) (West 2016). It is at the discretion of the PCRA court to grant an evidentiary hearing and the court may properly deny a request for a hearing when the claims presented are patently frivolous and without support in the record or other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). The PCRA court should look to "the status of the substantive assertions in the petition" in its determination of whether an evidentiary hearing is warranted. *Commonwealth v. Payne*, 794 A.2d 902, 906-07 (Pa. Super. 2002). If the record reveals there are no genuine issues of material fact regarding one of petitioner's substantive claims, then an evidentiary hearing will not serve any purpose. *See e.g. Commonwealth v. Payne*, 794 A.2d 902 (Pa. Super. 2002) (holding the PCRA court did not err in the denial of a PCRA evidentiary hearing because petitioner's substantive claims could be decided on the existing record).

In the instant matter, the Petitioner has failed to identify any genuine issue of material fact which would warrant an evidentiary hearing. In his Amended PCRA Petition, Petitioner requests "an evidentiary hearing as the PCRA (sic) has presented a claim of arguable merit and no

4

evidentiary hearing was ever conducted thereby denying the Petitioner the opportunity to develop evidence on the record in the support of the claim." (1925(b) Statement at 4). Petitioner has failed to identify any disputed material facts as they relate to his substantive claims that his guilty plea was unlawfully induced and that his trial counsel was ineffective for causing him to involuntarily enter a guilty plea.

The court determined there were no material facts in dispute, as substantively discussed below. The court reviewed the Petitioner's initial and amended PCRA petitions, as well as the Commonwealth's Motion to Dismiss, the notes of testimony from the numerous hearings, the presentence investigation report and mental health evaluations prior to determining there was no genuine issue of material fact. In fact, the court is convinced even more than on direct appeal that Petitioner's guilty plea was knowingly entered. As such, the court determined "no purpose would be served by any further proceedings." *See* Pa. R. Crim. P. 907(1). To hold a hearing would only prolong proceedings for a claim that was ultimately without merit. Therefore the Petitioner's request for an evidentiary hearing was properly denied.

## Claim of Unlawfully Induced Guilty Plea

Petitioner claims this court erred in its denial of the PCRA petition as Petitioner's guilty plea was unlawfully induced. However, this claim is without merit as the record abundantly reveals that the Petitioner knowingly and voluntarily entered his guilty plea.

Under the Post-Conviction Relief Act, the petitioner must plead and prove by a preponderance of evidence that his conviction or sentence resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa. Con. Stat. Ann. § 9543(a)(2)(iii).

5

To establish a plea was unlawfully induced, the petitioner must show the plea was involuntarily and unknowingly entered. *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993).

When considering the voluntariness and the knowing character of the guilty plea, the court must examine the totality of the circumstances surrounding the plea. *Fluharty*, 632 A.2d at 314. The central query is whether the petitioner understood the connotations and consequences of the guilty plea. *Id.* Once the guilty plea is entered, the petitioner must overcome the presumption that he was aware of what he was doing when he entered the plea. *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). It is immaterial whether the petitioner is pleased with the outcome of the plea (i.e. the sentence imposed), the law only requires that the guilty plea was entered knowingly, voluntarily and intelligently. *Id.* Even if a petitioner is on prescribed medication at the time of the plea, he may still knowingly and voluntarily plead guilty as long as he understood the nature of his guilty plea and the possible consequences. *Id.* at 1008-09. For example, when a defendant was on prescribed psychotropic medication for a sleeping disorder, the Superior Court of Pennsylvania rejected the defendant's argument that he was tranquilized at the time of the guilty plea colloquy and incompetent to enter a guilty plea. *See Commonwealth v. Willis*, 68 A.3d 997 (Pa. Super. 2013). The Court found the defendant's statements under oath indicated the he understood the nature of the proceedings and specifically the connotations and consequences of his guilty plea. *Id.* at 1008-09.

When accepting a guilty plea, the court will also consider whether there is a factual basis for the plea. *Fluharty*, 632 A.2d at 315. Even if the petitioner was "unable or unwilling to detail the occurrence in court," the court can still find the guilty plea was voluntarily and knowingly entered if "there [was] significant evidence of guilt . . . and the accused, after adequate

6

consultation with his counsel, [decided] to plead guilty." *Commonwealth v. Cottrell*, 249 A.2d 294, 295 (Pa. 1969).

In the instant matter, an examination of Petitioner's statements on the record during the oral guilty plea colloquy and his signature on the written guilty plea colloquy reveal that Petitioner fully understood the nature and consequences of his guilty plea and that Petitioner had adequate consultation with his counsel. Prior to the acceptance of Petitioner's plea, the court conducted an oral guilty plea colloquy to ensure the plea was indeed voluntary. (N.T. June 11, 2007 at 11-32). At the start of the oral guilty plea colloquy, the court inquired into petitioner's drug use, alcohol use and history of mental illness.

> THE COURT: Are you under – currently under the influence of alcohol, drugs, medicine, prescription drugs, anything that would affect your ability to understand what's going on here today?
>
> [PETITIONER]: No, Your Honor.
>
> THE COURT: Have you suffered from any mental illness ever?
>
> [PETITIONER]: No, Your Honor.
>
> THE COURT: Are you currently on medication for any type of mental health reasons?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: What are you currently on?
>
> [PETITIONER]: Trilafon for dyslexia.
>
> THE COURT: How does that make you feel?
>
> [PETITIONER]: Stable.

(N.T. June 11, 2007 at 12-13). The court then asked petitioner to generally describe the charges against him, Petitioner responded "robbery, rape, aggravated assault, gun charge," acknowledging

7

the charges lodged against him. (N.T. June 11, 2007 at 14). The court again inquired into the medication Petitioner was taking.

> THE COURT: Okay. All right. Just want to make sure you understand where you are and what you're doing. All right, the medicines that you've taken or that you're currently taking, when is the last time you took that medicine?
>
> [PETITIONER]: This morning.
>
> THE COURT: Does it help you recognize reality better?
>
> [PETITIONER]: Yes, Your Honor.

(N.T. June 11, 2007 at 14). The court then specifically discussed each charge and its maximum penalty. The Petitioner responded that he understood the charges and potential penalties, acknowledging the seriousness and severity of his charges. (N.T. June 11, 2007 at 14-16). When the court informed Petitioner that the court could impose total sentences of up to 100 years, 145 years, and 65 years on his three respective cases, Petitioner again stated that he understood. (N.T. June 11, 2007 at 16-17). After advising Petitioner of his right to a jury trial and of the presumption of innocence, this court asked whether he understood and Petitioner replied "Yes, Your Honor." (N.T. June 11, 2007 at 17). When the court asked whether anyone had forced Petitioner to plead guilty, he replied "No, Your Honor." (N.T. June 11, 2007 at 17-18). This court directly asked Petitioner if he was voluntarily pleading guilty and he answered "Yes, Your Honor." (N.T. June 11, 2007 at 17).

The court then inquired into the written guilty plea colloquy the Petitioner reviewed with his defense counsel and ultimately signed. The Petitioner stated that he reviewed the entire written guilty plea colloquy with his counsel and signed it. (N.T. June 11, 2007 at 19). The Petitioner also identified the signature on the colloquy as being his signature. (N.T. June 11, 2007 at 18-19). The court asked Petitioner whether he reviewed the written guilty plea colloquy with his attorney and

8

agreed with everything in the colloquy prior to signing it. (N.T. June 11, 2007 at 20). The Petitioner responded "Yes, Your Honor." (N.T. June 11, 2007 at 20).

The counsel for the Commonwealth then read a detailed factual description of the case and discussed evidence the Commonwealth believed would show Petitioner's guilt including DNA evidence from the scene of the assault and rape, phone records, global positioning system ("GPS") records, statements by the victims and statements by the Petitioner. (N.T. June 11, 2007 at 21-28). After counsel for the Commonwealth put forth the factual basis for the guilty plea, the court asked Petitioner if he agreed with that factual basis.

> THE COURT: All right, [Petitioner], you've heard the rendition of the facts that the Commonwealth feels they can prove if this case went to trial, are those the facts that you're pleading guilty to?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: So you concede or admit and accept the responsibility that you did in fact do what the Commonwealth's attorney said you did; is that correct?
>
> [PETITIONER]: A lot of it I don't remember because I was on PCP. I had drugs. A lot of it I don't remember, but if it did happen, my attorney told me, you know, the fact that you do have that —
>
> THE COURT: All right. But those are the facts that you are admitting you did?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: You are pleading guilty because you are in fact guilty of those crimes; is that correct?
>
> [PETITIONER]: Yes, Your Honor.

(N.T. June 11, 2007 at 28-29). The Petitioner was then arraigned. At the end of the arraignment, the Petitioner again agreed that he was not innocent and that he plead guilty because he was, in fact, guilty. (N.T. June 11, 2007 at 32-33).

9

Based on the totality of the circumstances including the written guilty plea colloquy, the oral guilty plea colloquy, Petitioner's statements on record, Petitioner's apparent understanding of the proceedings and the significant evidence of guilt, this court determined that Petitioner's guilty plea was knowingly, intelligently, and voluntarily entered. The court had the opportunity to observe the Petitioner during the proceedings and found that he was lucid and coherent. The Petitioner answered the questions put before him and the court determined that he understood both the connotations of entering a guilty plea and the potential consequences. Even though the Petitioner was on medication at the time of the proceedings, the Petitioner did not show any signs that he did not understand the proceedings, the nature of his guilty plea, or the potential severity of the consequences of entering such a plea, nor did he show any signs that he was under duress, as he now claims. Furthermore, the mere fact that Petitioner was taking medication at the time of the plea does not preclude him from being able to knowingly and voluntarily entering a guilty plea. *See e.g. Commonwealth v. Willis*, 68 A.3d 997 (Pa. Super. 2013) (finding a defendant entered a knowing, voluntary, and intelligent guilty plea despite his use of prescribed psychotropic medication); *See also Commonwealth v. Jackson*, 569 A.2d 964 (Pa. Super. 1990) (holding a defendant's use of prescription medication at the time he entered a plea of *nolo contendere* did not entitle him to withdraw his plea as there was no indication he was unable to understand the questions put to him during the proceedings).

Furthermore, even though the Petitioner did not detail the factual basis underlying his guilty plea, the court was not precluded from finding the plea was entered voluntarily and knowingly. *See e.g. Commonwealth v. Cottrell*, 249 A.2d 294 (Pa. 1969) (finding the guilty plea was voluntarily and knowingly entered even though the accused did not detail his crimes in court because there was significant evidence of guilt and the accused entered his guilty plea after

10

consultation with defense counsel). This court listened to significant evidence regarding Petitioner's guilt and the Petitioner ultimately decided to enter his guilty plea after consulting with his attorney. Based on the totality of the circumstances surrounding the Petitioner's guilty plea, this court determined that Petitioner knowingly and voluntarily entered his plea. Therefore, he was not entitled to post-conviction relief and the court properly dismissed his petition.

## Claims of Incompetence

Petitioner also incorporates his alleged incompetence and mental illness in his claims of an unlawfully induced guilty plea and ineffective assistance of counsel. Petitioner claims that "an analysis of the severe mental deficiencies uncovered during Petitioner's psychological evaluation two days after the plea shows that Petitioner lacked the requisite mental capacity when he entered into his plea agreement." (Amended PCRA Petition at 11). Petitioner also claims that his trial counsel was ineffective for failing to explore Petitioner's "mental issues" and failing to request a competency hearing before the plea hearing.[4] *Id.* However, this court observed the Petitioner and concluded that he was competent to enter a guilty plea and that Petitioner feigned mental illness in an attempt to deceive the court. As such, Petitioner is not entitled to relief based on this alleged incompetence.

Neither a defendant's mental illness nor his use of prescription medication will preclude a trial court from finding the defendant was competent to enter a guilty plea. The trial court may find the defendant competent to enter a plea if the "defendant comprehends the crime for which he stands accused, is able to cooperate with counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." *Commonwealth v. Willis*, 68

---

[4] Petitioner was found to be competent approximately five (5) months prior to the guilty plea hearing when he underwent a mental health evaluation ordered by the Honorable Pamela Pryor Dembe on January 24, 2007.

11

A.3d 997, 1002 (Pa. Super. 2013) (citing *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007). The Court in *Willis* noted that the PCRA court conducted a lengthy guilty plea colloquy and had the ability to observe the defendant. *Id.* at 1009. During the lengthy colloquy, the PCRA court concluded that defendant's use of psychotropic medication and his mental illness did not render him incompetent and did not preclude the defendant from knowingly and voluntarily entering a guilty plea. If the court observed behavior that casted doubt on the defendant's competency, then the court could have ordered a competency hearing. *Commonwealth v. Davido*, 106 A.3d 611, 639 (Pa. 2014). The determination of competency is within the sound discretion of the trial court. *Commonwealth v. Frey*, 904 A.2d 866, 872 (Pa. 2006).

Here, at the time of the guilty plea, this court observed the Petitioner and engaged in a lengthy colloquy with Petitioner. The Petitioner's responses and demeanor indicated to the court that he understood the crimes he was accused of, he was able to cooperate with his defense counsel in forming a defense and he had a factual understanding of the court proceedings. *See Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (finding that PCRA court had the opportunity to observe defendant during guilty plea hearing and conclude that defendant was competent to stand trial). As such, this court exercised discretion and concluded that a competency hearing was not necessary because there was no doubt of Petitioner's competency.

Moreover, this court finds it disingenuous for the Petitioner to now claim incompetency based on a mental health evaluation conducted by the Court Mental Health Clinic two (2) days after the guilty plea was entered. The court ordered a presentence investigation and mental health evaluation of the Petitioner following the guilty plea. The initial report filed on June 13, 2007 noted that Petitioner was "observed to be rocking and silently mumbling to himself and made occasional eye contact during our brief interval of time together." (Mental Health Evaluation,

12

06/13/07 at 1). Of note, this demeanor is markedly different from Petitioner's behavior before this court, where he appeared to be lucid, attentive, and able to answer all questions addressed to him. The June 13, 2007 mental health evaluation ultimately recommended that Petitioner be committed for sixty (60) days for an in-depth psychiatric evaluation as the Petitioner appeared to demonstrate behaviors associated with a severe psychiatric illness and was incompetent to stand trial. However, the report from Norristown State Hospital ("NSH") after Petitioner's commitment by this court told a vastly different story. The staff at NSH concluded that the Petitioner "present[ed] psychiatric symptoms that are consistent with a finding of malingering for his secondary gain." (Report from Norristown State Hospital, 10/22/07 at 3). The staff also stated, "we feel that [the Petitioner] tried to convince us that he is mentally ill." *Id.* Petitioner was found to be "highly manipulative, attention seeking, demanding, and . . . disruptive to the ward milieu" while at NSH. *Id.* The psychiatric staff determined that Petitioner had no need for psychiatric treatment and could be returned to prison. *Id.*

Even more condemning is Petitioner's own prison phone calls. This court heard recordings of the Petitioner's prison phone calls prior to sentencing on January 14, 2008. In those recordings, Petitioner indicated that he was going to feign a mental health condition in order to deceive the court. (N.T. January 14, 2008 at 67). This court finds no merit to Petitioner's claims that he was incompetent to enter a knowing and voluntary guilty plea. Additionally, this court finds Petitioner is not entitled to relief based on ineffective assistance of counsel as it relates to his alleged incompetence and unlawfully induced guilty plea, as discussed below.

### Ineffective Assistance Claim

Lastly, Petitioner claims his trial counsel was ineffective for "causing the defendant to enter an unknowing or involuntary guilty plea." (1925(b) Statement at 2). However, the legal issues

13

underlying this ineffective assistance claim (i.e. Petitioner's guilty plea was unlawfully induced and Petitioner was incompetent to enter a guilty plea) are meritless and the Petitioner has failed to establish a causal link between his attorney's conduct and the Petitioner's guilty plea.

To succeed on an ineffective assistance claim, a petitioner must overcome the presumption that his counsel was effective and establish his conviction was the result of ineffective assistance that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii) (West 2016); *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). The threshold inquiry is whether the underlying legal issue (i.e. entering an unlawfully induced guilty plea) has arguable merit because the court cannot find counsel ineffective for failing to assert a meritless claim. *Commonwealth v. Fluarty*, 632 A.2d 312, 313 (Pa. Super. 1993) (quoting *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). With regards to ineffective assistance claims related to an induced guilty plea, the petitioner must prove his counsel *caused* him to enter an involuntary or unknowing guilty plea. *Commonwealth v. Fluarty*, 632 A.2d 312, 314 (Pa. Super. 1993) (emphasis added).

In the instant matter, the Petitioner's underlying claim of an unlawfully induced guilty plea does not have even a hint of arguable merit. As discussed above, the court determined the guilty plea was a personal decision by the Petitioner and was entered knowingly and voluntarily. Additionally, this court rejected Petitioner's claims of incompetence. It would be incongruous for the court to find Petitioner's trial counsel provided ineffective assistance for failing to pursue what the court has deemed a meritless claim.

Most importantly, Petitioner has failed to establish a causal link between his trial counsel's conduct and Petitioner's guilty plea, to the extent that there is not even a hint of evidence to establish such a link. The court asked whether the Petitioner was satisfied with the representation

14

of his attorney during the oral guilty plea colloquy. The Petitioner answered, "Yes, Your Honor." (N.T. June 11, 2007 at 19). In response to the court's inquiry, the Petitioner responded that he reviewed the aspects of the case with his attorney, reviewed the details of the guilty plea, and signed the written guilty plea colloquy after reviewing the colloquy and agreeing with it. (N.T. June 11, 2007 at 19-20). The Petitioner has failed to prove that his counsel caused him to enter an involuntary or unknowing guilty plea. Rather this court finds the Petitioner entered his guilty plea knowingly, voluntarily, and intelligently. As such, Petitioner's ineffective assistance claim fails.

## III. Conclusion

For the above reasons, Petitioner's claims fail. First, Petitioner was not entitled to an evidentiary hearing as his claims did not implicate any genuine issues of material fact. Second, Petitioner's claim of an unlawfully induced guilty plea is without merit as the court examined the totality of the circumstances and determined that the plea was entered voluntarily and knowingly. Third, Petitioner's ineffective assistance claim fails as the underlying legal issue lacks arguable merit and the Petitioner has failed to establish a causal link between his guilty plea and trial counsel's conduct. This court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, J. / ASL

15