J-S41039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MYRON FALIK MCINTOSH :
:
Appellant : No. 2052 EDA 2017

Appeal from the Judgment of Sentence May 23, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001950-2017

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 11, 2018**

Appellant, Myron Falik McIntosh, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his negotiated guilty plea to one count of false identification to law enforcement.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Upper Darby police responded to the report of Siobhan Andrews, on the afternoon of June 19, 2016, that Appellant was inside her residence. His presence in the residence constituted a violation of a Protection From Abuse ("PFA") order that barred Appellant from the residence.  When the police arrived, they checked the apartment but could not locate Appellant.  While

_____

[1] 18 Pa.C.S.A. § 4914 (graded as a third degree misdemeanor).

_____

*   Former Justice specially assigned to the Superior Court.

outside, however, Ms. Andrews pointed to a male walking in the area and identified him as Appellant. In full uniform, Officer Bennett approached Appellant and advised him that Officer Bennett was investigating Appellant's alleged violation of a PFA order at Ms. Andrews' residence and that Ms. Andrews had identified Appellant as the violator. Officer Bennett then asked Appellant if he was Myron McIntosh. Appellant denied it and said his name was Aaron Johnson. Officer Bennett asked Appellant for identification; Appellant said he did not carry any. Officer Bennett called attention to Appellant's wallet protruding from the rear pocket of his shorts. Appellant produced his wallet, which contained credentials identifying him as Myron McIntosh. (**See** Affidavit of Probable cause, filed 6/19/16.) The Commonwealth charged Appellant with false identification to law enforcement.

On May 23, 2017, Appellant entered a negotiated guilty plea (including sentence) to the offense charged. The court accepted the plea and imposed the negotiated sentence of time served (ten days) to six months' incarceration and immediately paroled Appellant.[2] At Appellant's request, the court also allowed Appellant to travel to Florida for involvement in his son's athletic activities.

Appellant timely filed a notice of appeal on June 21, 2017. The trial

---

[2] The certified record indicates Appellant later violated his parole and was recommitted.

court ordered Appellant on June 23, 2017, to file a concise statement of errors complained of on appeal, per Pa.R.A.P 1925(b). Counsel timely filed a Rule 1925(c)(4) statement of intent to file an **Anders**[3] brief. Counsel filed a petition for leave to withdraw as counsel and an **Anders** brief in this Court on May 23, 2018. Appellant has filed no response.

As a preliminary matter, counsel seeks to withdraw representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

Neither **Anders** nor [**Commonwealth v. McClendon**, 495

---

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361. After verifying that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 2018 PA Super 121 (filed May 8, 2018) (*en banc*).

Instantly, Appellant's counsel filed a petition to withdraw, which states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the

brief and a letter explaining Appellant's right to retain new counsel, or to proceed *pro se* and raise any additional issues Appellant deems worthy. (**See** Letter to Appellant, dated 5/23/18, attached to counsel's application to withdraw, filed on the same date). In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might possibly support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

> THE COMMONWEALTH FAILED TO PROVIDE SUFFICIENT EVIDENCE THAT [APPELLANT] COMMITTED THE OFFENSE OF FALSE IDENTIFICATION TO A LAW ENFORCEMENT OFFICER FOR HIM TO BE CONVICTED. THE EVIDENCE WAS INSUFFICIENT BECAUSE IT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS UNDER A CRIMINAL INVESTIGATION BY THE OFFICERS OF THE UPPER DARBY POLICE AND THAT THEY NOTIFIED HIM OF THAT.

(**Anders** Brief at 5).

Appellant claims the evidence was insufficient to show the police informed him that he was under investigation for a violation of the law and the evidence was also unclear as to the nature of the investigation taking place at the time of his arrest. Put another way, Appellant seems to be attacking the factual basis for his plea. We conclude no relief is due.

"Generally, a plea of guilty amounts to a waiver of all defects and

defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa.Super. 2017); ***Commonwealth v. Main***, 6 A.3d 1026 (Pa.Super. 2010) (stating same). Thus, by entering a guilty plea the defendant routinely waives an array of constitutional and appellate rights, including a direct challenge to the sufficiency of the evidence, which is a non-jurisdictional issue. ***See generally Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014).

Instead, the defendant must focus his complaint on the validity of the plea proceedings and to test the voluntariness of his guilty plea on direct appeal the defendant must either object during the plea colloquy or file a motion to withdraw the plea before sentencing or within ten days of sentencing. ***See id.*** ***See also*** Pa.R.Crim.P. 591 (allowing for application to withdraw plea upon written or oral motion of defendant at or before sentencing); Pa.R.Crim.P. 720 (allowing for post-sentence challenge to guilty plea, and recommending that challenge be presented in post-sentence motion, if not previously raised). Absent extraordinary circumstances, the failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006).

> Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa.Super. 1975)] (holding that common and previously condoned mistake of attacking

- 6 -

guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

**Lincoln, supra** at 610 (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). Further, "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." **Id.**

If the defendant properly preserves his opposition to the validity of the plea process, courts evaluate "the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." **Commonwealth v. Muhammad**, 794 A.2d 378, 383-84 (Pa.Super. 2002). A guilty plea will be deemed valid if that examination demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa.Super. 2006).

As part of the inquiry, courts examine the factual basis for the plea. **Commonwealth v. Fluharty**, 632 A.2d 312, 315 (Pa.Super. 1993).

> However, the "factual basis" requirement does not mean that the defendant must admit every element of the crime. In this respect, the United States Supreme Court has held:

- 7 -

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.
>
> Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.
>
> ***North Carolina v. Alford***, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970). ***See Commonwealth v. Cottrell***, 433 Pa. 177, 179, 249 A.2d 294, 295 (1969) ([stating:] "[W]here there is significant evidence of guilt…and the accused, after adequate consultation with his counsel, decides to plead guilty, that plea is not rendered invalid merely because the accused is unable or unwilling to detail the occurrence in court").

***Id.*** (some internal quotations and citations omitted). An affidavit of probable cause can serve as a factual basis to support a guilty plea. ***See generally Fluharty***.

The Crimes Code defines the offense of false identification to law enforcement as follows:

> **§ 4914.  False identification to law enforcement authorities**
>
> **(a)  Offense defined.**—A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a

law enforcement officer that the person is the subject of an official investigation of a violation of law.

**(b) Grading.—**An offense under this section is a misdemeanor of the third degree.

18 Pa.C.S.A. § 4914. This Court recently interpreted this statute to require law enforcement, so identified by uniform or adequate communication, to advise the defendant expressly that he is the subject of an official investigation, **before** the defendant gives the offending false identification, in order to sustain a conviction for false identification to law enforcement authorities. ***Commonwealth v. Kitchen***, 181 A.3d 337 (Pa.Super. 2018) (*en banc*). The attendant circumstances alone are often inadequate to satisfy the statute and support a conviction for false identification. ***Id.***

Instantly, there is no dispute that the Delaware County Court of Common Pleas, Criminal Division, had jurisdiction over the offense and the plea/sentencing proceedings, which all occurred in Delaware County. The negotiated sentence imposed, of ten days to six months, was below the statutory maximum of one year for a third-degree misdemeanor (***see*** 18 Pa.C.S.A. § 1104(3)) and consistent with the plea agreement. To the extent Appellant's claim on appeal directly attacks the sufficiency of the evidence, he waived it by entering the plea. ***See Lincoln, supra***. To the extent Appellant's claim attacks the factual basis for his plea, Appellant did not object during the plea proceedings or move to withdraw the plea, so he cannot dispute on appeal the factual basis for his guilty plea. ***See id.***

Moreover, the record belies Appellant's claim. Officer Bennett was in full uniform when he approached Appellant and advised him that Officer Bennett was investigating Appellant's alleged violation of a PFA order at Ms. Andrews' residence and that Ms. Andrews had identified Appellant as the violator. When Officer Bennett asked Appellant his name, Appellant denied he was Myron McIntosh and said he was Aaron Johnson. When Officer Bennett asked Appellant for identification, Appellant said he did not carry any. Officer Bennett observed Appellant's wallet protruding from the rear pocket of his shorts. Appellant produced his wallet, which contained credentials identifying him as Myron McIntosh. As set forth in the affidavit of probable cause, these circumstances comply with the statute and support Appellant's plea to the offense. *See* 18 Pa.C.S.A. § 4914; *Kitchen, supra*. Following an independent review of the record, we agree with counsel that the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/18