J-S20034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QUINCY MICHAEL PATRICK | : | |
| | : | |
| Appellant | : | No. 1725 MDA 2017 |

Appeal from the Judgment of Sentence August 21, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000765-2016

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 15, 2018**

Appellant, Quincy Michael Patrick, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty plea to possession with intent to deliver ("PWID").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.

> After [a hearing] and a colloquy of [Appellant] to ascertain the voluntariness of his plea, [the court] accepted his plea to count one of the Information, PWID, on June 29, 2017. A presentence investigation ("PSI") was ordered to be completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.
>
> [Appellant] was sentenced following [a hearing] on August 21, 2017.  At said hearing, upon review of the PSI and the presentations of counsel, [the court] determined that a standard range sentence was appropriate.  [The court] then

_____

[1] 35 P.S. § 780-113(a)(30).

sentenced [Appellant] to a minimum of nineteen (19) [months'] to a maximum of forty (40) [months'] incarceration to be served in a state correctional institution.[2] [Appellant] was given credit for serving four hundred and twenty-two (422) days of incarceration prior to sentencing.

On August 29, 2017, [Appellant] filed Post Sentence Motions which were denied by Order of Court on October 10, 2017. [Appellant] filed a timely Notice of Appeal on November 6, 2017. Thereafter, on November 8, 2017, [the court] ordered [Appellant] to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth respond thereto.

[Appellant's] Concise Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925(b)[3] was filed and received by the [c]ourt on November 21, 2017. In said document, [Attorney Amanda Young] indicated that there are no non-frivolous issues which can be raised on appeal and further indicated her intent to file an ***Anders*** Brief with [this Court].

(Trial Court Opinion, filed December 14, 2017, at 1-2) (internal citations and footnotes omitted). On November 27, 2017, Attorney John Sobota entered his appearance on behalf of Appellant and Attorney Young withdrew her representation. On February 2, 2018, Attorney Robert Buttner replaced Attorney Sobota as appellate counsel and filed an ***Anders*** brief and an

---

[2] With an offense gravity score ("OGS") of six (6) and a prior record score ("PRS") of four (4), the standard minimum sentence range for Appellant's PWID conviction was fifteen (15) to twenty-one (21) months' imprisonment. 204 Pa.Code § 303.16(a).

[3] Counsel called this document a Rule 1925(b) statement, but the substance of the document demonstrates counsel filed a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4).

application to withdraw as counsel in this Court. Appellant filed *pro se* a supplemental brief in response to counsel's **Anders** Brief.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)). **See also Commonwealth v. Dempster**, 2018 PA Super 121 (filed May 8, 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing

requirements, where court-appointed appellate counsel seeks to withdraw

representation:

> Neither **Anders** nor **McClendon**[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
>          \*     \*     \*
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's

---

[4] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

In addition to counsel's **Anders** brief, Appellant has filed a *pro se* brief with this Court. In general, when examining most non-**Anders** cases, this Court will not review *pro se* briefs filed by appellants who have had the benefit of appellate counsel. **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

> However, **Anders** specifically contemplates that, after counsel files the **Anders** brief, an appellant may file a *pro se* brief. Indeed, …part of counsel's duty under **Anders** is to advise the appellant of the right to raise points in addition to those in counsel's **Anders** brief. Thus, when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief.
>
> If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. However, if it

- 5 -

appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief. An advocate's brief must contain fully developed arguments supporting the appellant's position. After the filing thereof, the Commonwealth will have the opportunity to submit a responsive brief. Upon receipt of the advocate's brief and the Commonwealth's response, we will then decide the merits of the case.

*Id.* at 353-354 (citations omitted). Because Appellant has exercised his right to file a *pro se* brief, we will review his issue as well.

Appellant raises the following issues for our review:

WHETHER THE IMPOSITION OF A 19-MONTH TO 40-MONTH SENTENCE IN A STATE CORRECTIONAL INSTITUTION IS HARSH AND EXCESSIVE WHEN APPELLANT TOOK RESPONSIBILITY BY PLEADING GUILTY; THE OFFENSE GRAVITY SCORE WAS INCORRECT; THE TRIAL COURT FAILED TO CONSIDER THAT [APPELLANT] IS A FATHER; AND APPELLANT ARGUED THAT THE DRUGS IN QUESTION WERE NOT IN PLAIN VIEW[?]

(***Anders*** Brief at 2).

[DID] THE TRIAL COURT [HAVE] ILL-WILL OR BIAS BY DIMINISHING [APPELLANT'S] CHARACTER[,] FACTS OF THE CIRCUMSTANCES[,] AND THE OFFENSE AT [SENTENCING,] AND WAS THERE [AN ACTUAL] FACTUAL BASIS FOR THE PLEA?

(Appellant's *Pro Se* Supplemental Brief at 2, unpaginated).

In his first issue, Appellant argues the court imposed a manifestly excessive sentence. Specifically, Appellant asserts the court used an OGS of six (6), when the correct OGS should have been five (5). Appellant complains the court failed to consider Appellant's taking responsibility for his actions by pleading guilty and Appellant's desire to take care of his children as mitigating

factors. As presented, Appellant challenges the discretionary aspects of his sentence.[5] ***See Commonwealth v. Williams***, 151 A.3d 621 (Pa.Super. 2016) (stating claim that sentencing court used incorrect OGS challenges discretionary aspects of sentencing); ***Commonwealth v. Lutes,*** 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

---

[5] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

> from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Sierra, supra*** at 912-13. An allegation that the sentencing court failed to consider certain mitigating factors, absent more, does not raise a substantial question for our review. ***Commonwealth v. Rhoades***, 8 A.3d 912, 918-19 (Pa.Super. 2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012). A claim that the sentencing court applied the incorrect OGS, however, does raise a substantial question for our review. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012), *appeal denied*, 621 Pa. 677, 75 A.3d 1281 (2013).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Instantly, Appellant raised this issue in a post-sentence motion and filed a timely notice of appeal. Appellant, however, did not set forth a separate statement of reasons for review under Rule 2119(f) in his appellate brief, which ordinarily waives a discretionary-aspects-of-sentencing issue, unless

the Commonwealth fails to object to the omission. *See Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268 (1996) (stating court may overlook appellant's failure to provide Rule 2119(f) statement when appellee fails to object, if substantial question is evident from appellant's brief; boilerplate assertions do not qualify as substantial questions regarding discretionary aspects of sentencing). *But see Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (noting *Anders* requires review of issues otherwise waived on appeal to determine their merit in order to rule on counsel's request to withdraw).

Here, the Commonwealth declined to file an appellate brief and did not object to the omission of the Rule 2119(f) statement in Appellant's brief. Therefore, we may overlook the omission if Appellant has raised a substantial question in his brief. *See Saranchak, supra*. Moreover, counsel filed an *Anders* brief, so we would review the issue in any event. Appellant's assertion that the sentencing court did not consider mitigating factors and imposed an excessive sentence, however, does not raise a substantial question. *See Rhoades, supra*. On the other hand, Appellant's claim that the sentencing court used the incorrect OGS does raise a substantial question for our review. *See Lamonda, supra*.

A person is guilty of PWID if he intentionally manufactures or delivers a controlled substance. 35 P.S. § 780-113(a)(30). The OGS for a PWID conviction with less than one (1) gram of heroin is six (6). 204 Pa.Code §

- 10 -

303.15. The standard minimum sentencing range for an offense with an OGS of six (6) and a defendant with a PRS of four (4) is fifteen (15) to twenty-one (21) months' imprisonment. 204 Pa.Code § 303.16(a).

Here, Appellant pled guilty to PWID of 0.92 grams of heroin under 35 P.S. § 780-113(a)(30), which is less than one gram and carries a OGS of six (6). The court correctly applied an OGS of six (6) when it sentenced Appellant. *See* 204 Pa.Code § 303.15. Further, the court sentenced Appellant to nineteen (19) to forty (40) months' imprisonment, which is within the standard sentencing range. *See* 204 Pa.Code § 303.16(a). Thus, the OGS challenge to the discretionary aspects of the sentence fails.

In his *pro se* issue, Appellant avers he was not making excuses at sentencing for why the drugs were in his apartment; he was stating the drugs found in his home were not actually in plain view, when his parole officer searched his residence. Appellant complains his parole officer removed the drugs from containers and put them in plain view. Appellant contends he would not have allowed his parole agent into his residence with drugs in plain view, because that would be asking to go to jail. Appellant claims these assertions call into question the factual basis for his guilty plea. Appellant is upset that the factual basis for the guilty plea caused the court to apply an unreasonable sentence. Appellant also complains the Commonwealth assumed Appellant was just making up excuses, which led to ill will and bias at sentencing. As a result of these errors, Appellant concludes his sentence

is unreasonable and his guilty plea lacked an accurate factual basis. We cannot agree.

"Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal." *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). An appellant must either object at the sentence colloquy or otherwise raise an issue related to the guilty plea at the sentencing hearing or through a post-sentence motion in order to preserve it for appeal purposes. *Id.* Here, Appellant did not challenge his guilty plea during his guilty plea colloquy or at the sentencing hearing. Appellant also failed to challenge the guilty plea in his counseled post-sentence motion. Therefore, Appellant's challenge to the factual basis of his guilty plea is waived for purposes of appeal. *See id.*

Moreover, "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002)). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764

(Pa.Super. 2002). Specifically, the record must affirmatively demonstrate a defendant understood: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding entry of that plea. *Muhammad, supra*.

"[B]efore accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa.Super. 1993) (quoting *Commonwealth v. Maddox*, 450 Pa. 406, 409-10, 300 A.2d 503, 505 (1973)). The factual basis requirement, however, does not mandate that the defendant must admit every element of his crimes. *Fluharty, supra*.

In this respect, the United States Supreme Court has held:

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.
>
> Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of

> innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.
>
> ***North Carolina v. Alford***, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970). ***See Commonwealth v. Cottrell***, 433 Pa. 177, 179, 249 A.2d 294, 295 (1969) ("[W]here there is significant evidence of guilt…and the accused, after adequate consultation with his counsel, decides to plead guilty, that plea is not rendered invalid merely because the accused is unable or unwilling to detail the occurrence in court.").
>
> It would appear, therefore, that a defendant may knowingly and voluntarily enter a guilty plea as a matter of strategy or expedience even though he…is unable or unwilling to admit guilt.

***Fluharty, supra*** at 315. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.*** at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." ***Id.*** at 524.

Here, the court conducted Appellant's guilty plea hearing on June 29, 2016. The Commonwealth provided the factual basis for Appellant's plea as follows:

> On February [9], 2016, the Office of State Parole was

> searching [Appellant's] residence in Kingston. He was on parole at that time. During that time the agent discovered [Appellant] to be in possession of .92 grams of heroin under the circumstances indicating an intent to deliver, including having scales and packaging material and not having paraphernalia commonly used to ingest heroin.

(N.T. Guilty Plea Hearing, 6/29/17, at 5). The record makes clear Appellant understood the nature of the charges against him, the factual basis for the plea, his right to trial by jury, the presumption of innocence, the permissible ranges of sentences and fines possible, and the court was not bound by the terms of the agreement unless the court accepted the agreement. **See Watson, supra**. Following independent review of the record, we conclude the appeal is otherwise wholly frivolous. **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2018