J-S70018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LAWRENCE | : | |
| | : | |
| Appellant | : | No. 471 EDA 2018 |

Appeal from the PCRA Order February 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000729-2012

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 12, 2019**

David Lawrence appeals *pro se* from the order dismissing as untimely his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Lawrence claims PCRA counsel was ineffective, the PCRA court erred in accepting counsel's **Turner/Finley**[1] letter, the PCRA court erred in failing to liberally construe his petition, and the court erred in dismissing his PCRA petition. We affirm.

On June 10, 2013, Lawrence entered a negotiated guilty plea to third-degree murder and possessing instruments of crime.[2] That same day, the trial court sentenced Lawrence to an aggregate term of 22½ to 45 years'

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 2502(c) and 907(a), respectively.

imprisonment. Counsel filed an untimely post-sentence motion, which the trial court denied.[3] On April 26, 2017, Lawrence filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw as counsel and a ***Turner/Finley*** letter. The letter stated that counsel "reviewed the Quarter Sessions files, corresponded with Petitioner, reviewed all available Notes of Testimony (N.T.), and reviewed the applicable law." ***Turner/Finley*** Letter, filed Oct. 21, 2017, at 1 (italics omitted). Counsel discussed the case's procedural history and the law governing the timely filing of PCRA petitions. Counsel concluded the petition was untimely, and Lawrence could not establish an exception to the time bar, noting that Lawrence referenced his guilty plea colloquy in supporting his claim that he satisfied the newly-discovered fact exception to the PCRA time bar. ***Id.*** at 1-3. Further, in his motion to withdraw, counsel stated he mailed Lawrence a copy of the ***Turner/Finley*** letter and informed him of his right to proceed *pro se* or with privately retained counsel, and attached to his motion to withdraw a copy of the letter he sent to Lawrence. Motion to Withdraw as Counsel, filed Oct. 21, 2017, at 4-5.

On November 22, 2017, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of

_____

[3] Both Lawrence and the PCRA court mention a July 8, 2013 *pro se* correspondence from Lawrence requesting that the court reconsider his sentence and requesting to withdraw his guilty plea and a July 9, 2013 response from the court stating the request was untimely. The certified record does not contain these documents.

Criminal Procedure 907, reasoning that the petition was untimely. Lawrence filed a response to the Rule 907 notice, raising, among other issues, PCRA counsel ineffectiveness. On February 2, 2018, the PCRA court dismissed the petition and granted counsel's request to withdraw. Lawrence filed a timely notice of appeal.

Lawrence raises the following issues on appeal:

> 1. Whether PCRA counsel was ineffective for failing to file an amended petition, and identify all of Appellant's issues presented in [Lawrence's] *pro se* PCRA Petition.
>
> 2. Whether the PCRA court erred in accepting PCRA counsel's **Finley** "NO MERIT" Letter where PCRA counsel clearly violated precedent rules set forth in [**Finley**] when he failed to identify the issues [Lawrence] wished to raise.
>
> 3. Did the PCRA court err by failing to review [Lawrence's] PCRA Petition under Title 1, Pa.C.S. § 1928, where this statute provides the PCRA jurisdiction to liberally con[s]true [Lawrence's] PCRA Petition under the extraordinary circumstances set forth therein.
>
> 4. Whether [Lawrence's] guilty plea is void pursuant to the mandates of **Commonwealth v. Roundtree**, 440 Pa. 199, 202-203, 269 A.2d 709 (1970), where the Pennsylvania Supreme Court held that "It is essential that once the lower court learned of petitioner's statement made to police authorities, it was required to advise Appellant that a self-defense or assertion of justifiable homicide under 18 Pa.C.S. § 505 could entitle him to acquittal."

Lawrence's Br. at 2.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

In his first two issues, Lawrence claims that PCRA counsel was ineffective in filing a **Turner/Finley** letter and a motion to withdraw, and that the PCRA court erred in granting counsel's motion to withdraw. Lawrence properly preserved his claim that PCRA counsel was ineffective, as he raised the issue in response the PCRA court's Rule 907 notice. **Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa.Super. 2012) (addressing claim PCRA court erred in granting petition to withdraw where petitioner raised the claim in response to court's Rule 907 notice). Further, we will address the issue to ensure counsel conducted an independent review to determine whether there were any applicable exceptions to the PCRA time bar. **See Commonwealth v. Smith**, 818 A.2d 494, 500-01 (Pa. 2003) (PCRA petitioner entitled to assistance of counsel for first PCRA petition, even if petition appears untimely, "to determine whether any exceptions to the one-year time limitation apply").

To satisfy the requirements of **Turner/Finley**, PCRA counsel must "submit a 'no-merit' letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). In addition, PCRA counsel must "send to the petitioner: (1) a copy of the 'no-merit' letter[]; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Id.**

- 4 -

The PCRA court found PCRA counsel was not ineffective, noting counsel accurately and adequately addressed the fact that Lawrence's claims do not satisfy the PCRA time bar exceptions. Trial Court Opinion, filed Jun. 26, 2018, at 3 ("1925(a) Op."). The court found that counsel complied with the requirements of **Turner/Finley** by detailing the nature and extent of his review and explaining why the issues were meritless. **Id.** at 6. Counsel also mailed Lawrence a copy of his motion to withdraw and **Turner/Finley** letter, and informed Lawrence that he could proceed pro se or with retained counsel. **Id.** Further, the court found that, because counsel had concluded the PCRA petition was untimely, counsel was not required to discuss in his **Turner/Finley** letter the merits of the underlying PCRA claims. **Id.** at 3. We agree, and conclude the PCRA court did not err in finding PCRA counsel was not ineffective and in granting the petition to withdraw.

We next address Lawrence's claim the PCRA court erred in dismissing his PCRA petition.

The timeliness of a PCRA petition is jurisdictional. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The trial court sentenced Lawrence on June 10, 2013, and he did not file a notice of appeal. Further, his untimely post-sentence motion did not toll

the statute of limitations. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa.Super. 2015). His conviction therefore became final on July 10, 2013, 30 days after entry of the judgment of sentence. To be timely, Lawrence was required to file his PCRA petition by July 10, 2014. *See* 42 Pa.C.S.A. § 9545(b)(1). His current petition, filed on April 26, 2017, is therefore facially untimely.

To overcome the one-year time bar, Lawrence bore the burden of pleading and proving one of the three exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that he could not have previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, the petition must have been "filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (amended 2018).[4]

Lawrence claims he satisfies the newly-discovered fact exception to the PCRA time bar because he did not know that he could file a claim under the PCRA. He claims he was illiterate and that no one informed him that he had a right to file a petition under the PCRA. He references the notes of testimony from his guilty plea, which include statements that Lawrence stopped

---

[4] Effective December 24, 2018, the PCRA statute was amended to provide that petitioners must file a claim "within one year of the date the claim could have been presented." This amendment, however, applies to claims arising on or after December 24, 2017. Lawrence, therefore, was required to file his claim within 60 days of the date on which the claim could have been presented.

attending formal education somewhere between the fourth and sixth grade. Lawrence's Br. at 7-8.

Lawrence's discovery that the PCRA statute exists is not a "fact," as contemplated by the exception. *See Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011) (discussing difference between law and fact and finding a Pennsylvania Supreme Court decision was not a "new fact" under Section 9545(b)(1)(ii)). Further, even if this discovery was a new fact, we agree with the PCRA court that Lawrence failed to satisfy the due diligence requirement of Section 9545(b)(2). The court found that Lawrence failed "to explain why, even with his difficulties, he did not seek information on his options for collateral relief any earlier," and he failed to state when or how he learned about the PCRA statute. *See* 1925(a) Op. at 8-9; *Commonwealth v. Rizvi*, 166 A.3d 344, 349 (Pa.Super. 2017) (finding petition failed to establish due diligence in regards to alleged governmental interference where record contained no information that petitioner attempted to discuss concerns with prison personnel, family, friends, or lawyer to determine whether any rights were at his disposal). We conclude the PCRA court did not err in finding Lawrence failed to plead sufficient facts to establish that he acted with due diligence.

Further, to the extent Lawrence asserts counsel ineffectiveness caused his untimely filing because counsel failed to inform him of his PCRA rights, counsel ineffectiveness cannot establish an exception to the time-bar. *See Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (noting "it is

well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA").

Accordingly, we conclude that the PCRA court did not err in concluding Lawrence filed an untimely PCRA petition and failed to establish any exception to the time bar.

Lawrence also claims the court erred in applying the time bar because, in doing so, it failed to liberally construe the PCRA statute pursuant to 1 Pa.C.S.A. § 1928(c).

Section 1928 governs the construction of statutes and, for statutes like the PCRA that are not enumerated in Section 1928(b), it states that courts must construe the statutes liberally. 1 Pa.C.S.A. § 1928(c). The PCRA court found that this claim lacked merit because the Pennsylvania Supreme Court has concluded that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed." 1925(a) Op. We agree and conclude the court did not err in applying the PCRA time bar to Lawrence's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/19

- 8 -